# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUNT OPTICS & IMAGING, INC., | ) | |
| Plaintiff, | ) ) | Civil Action No. 10-503 |
| v. | ) ) | Magistrate Judge Cathy Bissoon |
| DAVID M. GREENE, | ) ) | |
| Defendant. | ) ) | |

## **ORDER**

For the reasons that follow, Defendant's Motion to Dismiss (Doc. 20) will be denied, and Plaintiff's Motion to Strike (Doc. 22) Defendant's Motion to Dismiss will be denied as moot.

Defendant's Motion to Dismiss is denied for his failure to comply with the Court's Practices and Procedures ("Ps & Ps"). The "Motions Practice" section of the undersigned's Ps & Ps states:

> Any motion seeking substantive legal ruling(s) -- whether dispositive or nondispositive -- should be accompanied by a supporting brief. The supporting brief must be filed contemporaneously with the motion. A brief may be omitted only if: (i) the motion is nondispositive, and (ii) the motion itself contains sufficient arguments and/or legal citation to permit meaningful judicial review.

*Id.* (http://www.pawd.uscourts.gov/Documents/Public/Reference/bissoon.pdf) at § II.B. Defendant has not filed a brief, and his five-sentence Motion provides no meaningful discussions in support of his requests for dismissal. *See* Def.'s Mot. (stating five potential grounds for dismissal, in one sentence each).

Defendant's duty of compliance with the Ps & Ps is established under this Court's Local Rule 7.A. *Id.* (all motions "shall comply with the applicable Federal Rules of Civil Procedure, the applicable Local Rules, the orders of the assigned Judge and the [Ps & Ps] of the assigned Judge") (emphasis added). Defendant's failure to comply with the Ps & Ps, alone, warrants a denial of his Motion to Dismiss.

The denial likewise is justified under federal substantive law, which recognizes that it is the parties' duty, not the courts', to present legal authority and arguments in support of a motion. *See* In re Grand Jury Proceedings Dzikowich, 620 F. Supp. 521, 524 (W.D. Wis. 1985) ("it is the movant's burden to establish the grounds for [his] motion[,] not the court's").[1] Defendant's status as a *pro se* litigant does not modify this conclusion. *See, e.g.*, Stephenson v. Township of Thornton, 2001 WL 1071765, *1 (7th Cir. Sept. 10, 2001) ("[w]e recognize the difficulties in proceeding *pro se*, but [the litigant's] brief must contain at least some legal argument and supporting authority"; although courts "construe *pro se* pleadings liberally," they "cannot cure . . . substantial deficiencies in [a party's] brief by creating legal arguments for him") (citations omitted); *see also* McDonald v. Emory Healthcare Eye Ctr., 2010 WL 3157748, *1 (11th Cir. Aug. 11, 2010) ("[a]lthough [courts] show leniency to *pro se* litigants," they should not "serve as *de facto* counsel") (citation omitted).

---

[1] *See also* Africa v. Digulielmo, 2004 WL 2360419, *31 (E.D. Pa. Oct. 20, 2004) ("[the] court will not conduct legal research on behalf of [a party] in order to determine whether there is [authority] to support [his argument]"); Auto Owners Ins. Co. v. LA Oasis, Inc., 2005 WL 1313684, *24 (N.D. Ind. May 26, 2005) ("courts need not and indeed should not expend limited judicial resources in researching, refining, and otherwise fleshing out arguments the parties themselves do not adequately support") (citation omitted); Ligeri v. Rhode Island, 2007 WL 3072061, *8 (D. R.I. Oct. 19, 2007) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the Court to do [the litigant's] work, create the ossature for the argument, and put flesh on its bones.") (citation to quoted source omitted).

Furthermore, Plaintiff has demonstrated that Defendant's Motion to Dismiss must be denied on the merits. As to the amount in controversy (*see* Def.'s Mot. at ¶ 1), Plaintiff is correct that the Complaint survives a "facial" challenge. *Compare* Compl. (Doc. 1) at ¶ 3 ("the matter in controversy exceeds the sum of $75,000") *and id.* at ¶¶ 50-51 (Defendant "has and will continue to suffer grave harm, including, but not limited to," disclosure of confidential and proprietary information and trade secrets, loss of existing and potential clients or customers, lost profits, loss in value of confidential and proprietary information and trade secrets, and harm to customer goodwill) *with* Ramada Franchise Sys., Inc. v. Patel, 2004 WL 1246566, *2 (3d Cir. Jun. 8, 2004) ("[i]n a facial attack" regarding amount in controversy, "the factual allegations in a complaint are accepted as true") (citation to binding authority omitted). To the extent that Defendant levels a factual challenge, he has presented no arguments, or competent evidence, demonstrating "to a legal certainty that [Defendant's] claim[s are] for less than the jurisdictional amount." Davis-Giovinzazzo Const. Co., Inc. v. Tatko Stone Prods., Inc., 2007 WL 1166054, *3 (E.D. Pa. Apr. 18, 2007) (citation to quoted, binding authority omitted).

As to personal jurisdiction and venue (*see* Def.'s Mot. at ¶¶ 2-3), Plaintiff has demonstrated that the non-competition agreement executed by Defendant contains a forum selection clause, stating that he "confer[red] jurisdiction" upon this Court and "waive[d]" any objection regarding improper venue. *See* Pl.'s Opp'n Br. (Doc. 23) at 6 (citing record evidence). Contractual waivers regarding personal jurisdiction and venue are recognized under the law,[2] and forum selection clauses "are *prima facie* valid and should be enforced" unless the resisting party makes a "strong showing," under specified legal standards, that enforcement would be "unreasonable under the circumstances." Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d

---

[2] *See* Frazetta v. Underwood Books, 2009 WL 959485, *3 (M.D. Pa. Apr. 6, 2009) (confirming same) (citations omitted).

1207, 1219 (3d Cir. 1991) (citation to quoted source omitted).  Again, Defendant has failed to present arguments or competent evidence demonstrating that the forum selection clause may be avoided, and he has failed to demonstrate his entitlement to dismissal.

Regarding the sufficiency of service of process, the Court agrees with Plaintiff that Defendant's objection is untimely.  Under Federal Rule of Civil Procedure 12, the defense of insufficient service "must be raised either <u>before or in a responsive pleading</u>."  <u>Weaver v. Bowers</u>, 657 F.2d 1356, 1359-60 (3d Cir. 1981) (emphasis added).  Defendant did not assert insufficient service in his Answer, *see* Doc. 17, but rather has stated it in a subsequently filed Motion to Dismiss.  *See* Def.'s Mot.  Defendant, therefore, is untimely under Federal Rule 12.[3]

Even had Defendant timely objected regarding sufficiency of service, he has failed to demonstrate his entitlement to dismissal.  Plaintiff has filed a "Proof of Service" form, signed by a process server under penalty of perjury, indicating that a summons was left with "a person of suitable age and discretion" residing at Defendant's record address.  *See* Summons/Return of Service Returned Executed (Doc. 3).  "[A] return of service by a private process server creates a rebuttable presumption that proper service was effectuated," and Defendant has offered no

---

[3]  Defendant filed his Motion to Dismiss several minutes after filing his Answer, and his submissions, at best, may be construed as having been made contemporaneously. Under similar circumstances, courts have found defendants to be untimely. *See, e.g.*, <u>Guarantee Co. of N. Amer. USA v. W.D. Wainwright & Sons, Inc.</u>, 2010 WL 1141116, *1 (M.D. Ala. Mar. 23, 2010) (holding same "under the plain language of Rule 12(b)") (citation to quoted source omitted); <u>Provident Life & Cas. Ins. Co. v. Ginther</u>, 1997 WL 9779, *1 (W.D.N.Y. Jan. 3, 1997) (same, where answer and motion to dismiss were filed "simultaneously") (citations omitted).  Although some courts have deemed contemporaneously-filed motions to dismiss as having been filed before the answer, *see, e.g.*, <u>Kimbrell v. Brown</u>, 2009 WL 5064384, *2 (S.D. Ill. Dec. 17, 2009), the undersigned does not believe this an appropriate course, at least within the context of sufficiency of service.  *See* <u>Weaver</u>, 657 F.2d at 1359-60 ("[u]nder the scheme envisaged by Rule 12(h), challenges to the maintenance of an action are divided into three categories"; "[t]he least favored category . . . encompasses the defenses such as . . . improper or insufficient service of process"; and these defenses "<u>must be</u> raised either before or in a responsive pleading") (emphasis added).

competent evidence, let alone sworn statements accompanied by corroborating evidence, to defeat this presumption. *See* Closeout GroupA, Inc. v. Venator Elec. Sales & Service, Ltd., 2009 WL 2431448, *3 (E.D. Pa. Aug. 6, 2009) (citation to quoted source omitted).[4]

Defendant's final request for dismissal, for failure to state a claim upon which relief may be granted, is summarily rejected by the Court. Defendant's Motion gives no substantive basis for the requested dismissal, and the undersigned declines to speculate regarding why Defendant believes that some or all of Plaintiff's claims fail under Federal Rule 12(b)(6).

For all of the reasons stated above, Defendant's Motion to Dismiss (**Doc. 20**) is **DENIED**, and Plaintiff's Motion (**Doc. 22**) to Strike Defendant's Motion to Dismiss is **DENIED AS MOOT**.

IT IS SO ORDERED.


August 19, 2010                                             s/Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States Magistrate Judge

cc (via ECF email notification):

All Counsel of Record

David M. Greene (*pro se*)

---

[4] The legal infirmities of Defendant's insufficient service arguments aside, Defendant, by his own admission, received "cop[ies] of this lawsuit [sic] and motions" from Plaintiff's counsel, via email, on May 4, 2010. *See* Def.'s Ltr. to Court (attached as Appendix to Doc. 8). Even were Defendant to prevail on his service challenge, moreover, Plaintiff would enjoy the opportunity to correct any deficiencies. *See* Umbenhauer v. Woog, 969 F.2d 25, 30-31 (3d Cir. 1992) (dismissal of complaint for insufficient service must be made without prejudice to re-serving, and "when there exists a reasonable prospect that service may yet be obtained," court should not dismiss, but rather "quash service, leaving the plaintiffs free to effect proper service") (citations omitted).